UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANDREW J. FUSILIER** | : | **DOCKET NO. 2:18-cv-0635** |
| **D.O.C. # 636862** | | **SECTION P** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **WARDEN RAYBURN CORR. CENTER** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Andrew J. Fusilier, who is proceeding pro se in this matter. Fusilier is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Rayburn Correctional Center in Angie, Louisiana. Robert C. Tanner, warden of that facility and respondent in this matter, opposes the petition. Doc. 20. The petitioner has not filed a reply and his time for doing so has elapsed.

This petition is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.
BACKGROUND**

*A. Conviction*

On December 16, 2010, the petitioner was charged by bill of indictment in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, with two counts of aggravated incest, a

violation of Louisiana Revised Statute § 14:78.1.[1] Doc. 20, att. 2, p. 28. These charges were filed in Docket No. 37462-10 and related to two alleged incidents of sexual abuse by the petitioner against a minor relative, when the petitioner was 24 years old. *Id.* On the same date, he was charged in Docket No. 37486-10 with one count of computer-aided solicitation of a different minor, in violation of Louisiana Revised Statute § 14:81.3. Doc. 20, att. 3, p. 28. That charge related to communications made when the petitioner was again 24 years old. *Id.* On May 5, 2011, Fusilier was charged in Docket No. 18816-11 with one count of aggravated rape, a violation of Louisiana Revised Statute § 14:42, and one count of sexual battery, a violation of Louisiana Revised Statute § 14:43.1. Doc. 20, att. 4, p. 17. These charges related to crimes against another victim and were alleged to have occurred between December 22, 1999, and May 31, 2004, when the victim was three to seven years old and the petitioner was fourteen to eighteen years old.[2] *Id.*

Fusilier pleaded not guilty and requested a jury trial for all charges. Doc. 20, att. 2, p. 16; doc. 20, att. 3, p. 16; doc. 20, att. 4, p. 9. On March 19, 2012, the state dismissed one count of aggravated incest in Docket No. 37462-10 and amended the remaining charge to indecent behavior with a juvenile, a violation of Louisiana Revised Statute § 14:81. Doc. 20, att. 2, pp. 24–25. It also dismissed the sexual battery charge in Docket No. 18816-11 and amended the aggravated rape charge to simple rape, a violation of Louisiana Revised Statute § 14:43.[3] *Id.* Finally, it amended the date of the simple rape charge to "between September 11, 2002, and May 31, 2004," when the petitioner was seventeen to eighteen years old. *Id.* The petitioner then withdrew his not guilty pleas

---

[1] In 2014 aggravated incest was re-designated as an aggravated crime against nature under Louisiana Revised Statute § 14:89.1. *See, e.g.*, *State v. Benoit*, 237 So.3d 1214, 1216 n. 3 (La. Ct. App. 5th Cir. 2017).
[2] The petitioner's birthdate is September 11, 1985, as shown in all three indictments and admitted at his sentencing hearing. *See* doc. 20, att. 2, p. 237. Aggravated rape is now designated as "first degree rape" under Louisiana law, though the elements of the offense remain the same. *See* 2015 La. Sess. Law Serv. Act 256 (S.B. 117) (West).
[3] Simple rape is now designated as "third degree rape" under Louisiana law, though the elements of the offense remain the same. *See* 2015 La. Sess. Law Serv. Act 256 (S.B. 117) (West).

and pleaded guilty to the computer solicitation charge, in Docket No. 37486-10. *Id.* He entered an *Alford* plea to the offenses, as amended, in Docket Nos. 37462-10 and 18816-11.[4] *Id.*

At a hearing on August 17, 2012, the petitioner was sentenced to (1) a twenty year term of imprisonment on the indecent behavior with a juvenile charge, under Docket No. 37462-10; (2) a ten year term of imprisonment on the computer-aided solicitation charge, under Docket No. 37486-10; and (3) a twenty year term on the simple rape charge, under Docket No. 18816-11; with all three terms to run consecutively, without benefit of probation, parole, or suspension of sentence. *Id.* at 26–27. The petitioner filed a Motion to Withdraw Guilty Pleas or Alternatively to Reconsider Sentence, which the trial court denied. *Id.* at 137–50.

### B. Direct Appeal

The petitioner timely appealed the judgments in all three cases to the Louisiana Third Circuit Court of Appeal, raising claims of trial court error in denying the motion to withdraw guilty pleas and ineffective assistance of trial counsel. *See State v. Fusilier*, 2013 WL 5629041 (La. Ct. App. 3d Cir. 2013). His ineffective assistance claim was based on advice allegedly offered about his sentencing exposure under the plea deal and failing to file a motion to withdraw his guilty plea before sentencing. *Id.* The Third Circuit reviewed both claims on the merits and denied relief. *Id.* The petitioner sought review in the Louisiana Supreme Court, which denied same on July 31, 2014. *State ex rel. Fusilier v. State*, 147 So.3d 168 (La. 2014). He did not seek review in the United States Supreme Court. Doc. 1, p. 3.

---

[4] An *Alford* plea is one entered under the authority set forth in *North Carolina v. Alford*, 91 S.Ct. 160 (1970). It allows a defendant to plead guilty while still maintaining his innocence.

### C. State Collateral Review

The petitioner filed a pro se application for post-conviction relief in in the trial court on or about February 14, 2014, while his direct appeal was still pending.[5] Doc. 20, att. 5, pp. 19–40. There he claimed that he received ineffective assistance from (1) trial counsel, through his alleged advice that he (the petitioner) faced a mandatory sentence of life without parole under the original charges, and (2) appellate counsel, who allegedly failed to raise certain claims on appeal or to timely forward the Third Circuit's judgment to the petitioner. *Id.* The trial court denied the application. *Id.* at 109–11. The petitioner sought review in the Third Circuit, which granted the writ in part and remanded the case for further consideration based on its finding that the trial court had not actually addressed the allegations made by the petitioner under the ineffective assistance of trial counsel claim. *Id.* at 118. After ordering a response from the state, the trial court reviewed the ineffective assistance of trial counsel claim again and denied relief. *Id.* at 143–44. The Third Circuit denied the petitioner's subsequent writ application, finding no error to the trial court's ruling. *Id.* at 158. The Louisiana Supreme Court denied review on September 22, 2017, also noting that the petitioner failed to show that he had received ineffective assistance of counsel under applicable standards. *Id.* at 160–61.

### D. Federal Habeas Petition

The instant petition was filed in this court on May 3, 2018. Doc. 1; *see id.* at 12. Here the petitioner renews both claims from his state application for post-conviction relief. Doc. 1, att. 1.

---

[5] For pro se filings by an inmate, this court uses the date that the pleading was surrendered for mailing, if available, as the date of filing. If that date is not provided, we look to the date that the pleading was received by the court. The petitioner signed his pro se application for post-conviction relief on February 12, 2014, but does not provide the date it was surrendered for mailing. *See* doc. 20, att. 5, pp. 24–25; *id.* at 40 (undated statement that document was maeiled). Accordingly, we use the date that this document was received and filed by the trial court.

## II.
### LEGAL STANDARDS

*A. Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

*B. Exhaustion and Procedural Default*

Exhaustion and procedural default are both affirmative defenses that may be considered waived if not asserted in the respondent's responsive pleadings. *E.g.*, *Cupit v. Whitley*, 28 F.3d

532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any assertions by respondent under these doctrines, in addition to conducting our own review.

### 1. *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

### 2. *Procedural Default*

When a petitioner's claim is dismissed by the state court based on state law grounds, and those grounds are independent of the federal question and adequate to support the judgment, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or that review is necessary "to correct a fundamental miscarriage of justice." *Coleman v. Thompson*, 111 S.Ct. 2546, 2553–54, 2564 (1991) (internal quotations omitted). Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default) or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). This is not a jurisdictional matter, but instead a doctrine "grounded in concerns of comity and federalism." *Trest v. Cain*, 118 S.Ct. 478, 480 (1997). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989). To serve as adequate grounds for a federally cognizable default, the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

### C. *General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *E.g.*, *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). That statute provides that a writ of habeas corpus shall not be granted

unless the state court's adjudication resulted in a decision that was (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d). Where a habeas court is faced with an unexplained decision on the merits, it "looks through" that decision to the last related state court decision that provides a relevant rationale and presumes that the unexplained decision adopts the same reasoning. The respondent may rebut the presumption by showing that the unexplained decision most likely relied on different grounds than the reasoned decision below. *Wilson v. Sellers*, 138 S.Ct. 1188 (2018). Our review, however, ultimately encompasses "only a state court's decision, and not the written opinion explaining that decision." *Maldonado v. Thaler*, 625 F.3d 229, 239 (5th Cir. 2010) (internal quotations omitted); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning.") Even if the state court issues a summary denial of the claim, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. The petitioner must demonstrate that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786–87. A decision is only contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at

a [contrary result]." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (quotations and citations omitted). As the Court recently emphasized, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' . . . Nor, of course, do state-court decisions, treatises, or law review articles." *Kernan v. Cuero*, 138 S.Ct. 4, 9 (2017) (internal citation omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies only to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination. Instead, he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Instead, a presumption of correctness attaches to the state court's factual determinations and the petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III.
### APPLICATION

#### A. *Timeliness*

The petitioner's conviction and sentence became final on October 30, 2014, after his time for seeking review in the United States Supreme Court on direct appeal expired. Sup. Ct. R. 13. While his appeal was still pending, however, the petitioner filed his application for post-conviction relief in the trial court, on or about February 14, 2014. Accordingly, no time accrued against § 2244(d)'s time limit up to that point. The clock instead began to run on September 22, 2017, with the Louisiana Supreme Court's denial of relief. This allowed **223 days** to accrue against the one-year limit before the instant petition was filed on May 3, 2018, meaning that the matter is timely under § 2244(d).

### B. Exhaustion and Procedural Default

As the respondent concedes, the petitioner's two ineffective assistance claims were exhausted on the merits in the state courts and are thus susceptible to habeas review. Doc. 20, att. 1, p. 21. Accordingly, we review both claims on the merits below, looking to the Louisiana Supreme Court's denial of review combined with its general statement that the petitioner "[failed] to show he received ineffective assistance under the standard of *Strickland v. Washington*" as the ruling under § 2254(d) review. *See* doc. 20, att. 5, p. 161.

### C. Merits Consideration

#### 1. Ineffective assistance of trial counsel

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial. *Id.* at 2064. The first prong does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 2065) (quotations omitted). Accordingly, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

The second prong requires the petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland*, 104 S.Ct. at 2055–56. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 2056. In other words, the petitioner must show prejudice great enough to create a substantial, rather than conceivable, likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (quoting *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011)). In the context of a guilty plea, this means that the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 106 S.Ct. 366, 370 (1985). "Both of [Strickland's] prongs must be proven, and the failure to prove one of them will defeat the claim, making it unnecessary to examine the other prong." *Williams v. Stephens*, 761 F.3d 561, 566–67 (5th Cir. 2014).

Here the petitioner contends that he was led to plead guilty based on counsel's advice that he faced a mandatory sentence of life without parole if convicted as charged in Docket No. 18861-11, the case originally involving a charge of aggravated rape with an offense date encompassing the time when the petitioner was fourteen to eighteen years old. Doc. 1, att. 1, p. 4. The petitioner maintains that this advice was erroneous based on the Supreme Court's decision in *Graham v. Florida*, 130 S.Ct. 2011 (2010), two years before his plea deal, that juvenile offenders could not be sentenced to life without parole for non-homicide offenses. Doc. 1, att. 1, pp. 3–6.

The date range for the aggravated rape charge, and for the amended simple rape charge, encompassed several months when the petitioner was at least eighteen years old. The petitioner has not shown that the state, if so required, would have any difficulty in disproving that the offense occurred only when the petitioner was under eighteen. Therefore he shows no error to any advice by counsel that he would face a life sentence if convicted. Additionally, given the serious charges faced by the petitioner and the benefit of his plea – namely, reduction of one aggravated incest

charge and dismissal of the other, dismissal of the sexual battery charge, and reduction of the aggravated rape charge to simple rape – the petitioner fails to show that he would have insisted on going to trial if he knew of any chance that he would not face a mandatory term of life imprisonment. Accordingly, he shows no error to the state court's ruling on this claim.

### 2. *Ineffective Assistance – Appellate Counsel*

Defendants are also constitutionally entitled to effective assistance of counsel on their direct appeals. *Evitts v. Lucey*, 105 S.Ct. 830 (1985). Claims of ineffective assistance of appellate counsel are reviewed under the *Strickland* standards described above. *Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1997). Appellate counsel is not required to raise every available, non-frivolous ground of appeal. *Jones v. Barnes*, 103 S.Ct. 3308, 3312 (1983). Instead, a petitioner can only demonstrate deficient performance if he shows that the issues he sought to pursue were clearly stronger than those pursued by counsel. *Smith v. Robbins*, 120 S.Ct. 746, 765–66 (2000). To satisfy the prejudice prong, the petitioner must show that, but for appellate counsel's deficient performance, the result of the appeal would have been different. *Amador v. Quarterman*, 458 F.3d 397, 411 (5th Cir. 2006).

The petitioner asserts that he received ineffective assistance from appellate counsel when that attorney (1) failed to argue the ineffective assistance of counsel claim on appeal in the manner desired by petitioner, (2) failed to argue that the petitioner was deprived of his right to a public trial when the courtroom was cleared for victim impact statements, and (3) failed to timely forward a copy of the Third Circuit's judgment to the Louisiana Supreme Court. Doc. 1, att. 1, pp. 7–12.

The petitioner can show no prejudice under these allegations. He was able to present his ineffective assistance claim as he desired in his application for post-conviction relief, as well as in this motion, and has yet to show any merit to that claim. The petitioner also raised appellate

counsel's failure to assert the public trial claim in his application for post-conviction relief, but never shows that he attempted to raise the claim on appeal and was prevented from doing so. *See* doc. 20, att. 5, pp. 37–38. More importantly, those allegations also lack sufficient merit to make appellate counsel's decision an instant of deficient performance.

      The sentencing transcript shows that the judge cleared the courtroom over the objections of defense counsel, because the hearing contained victim impact testimony by the families of the minor victims. Doc. 20, att. 2, pp. 195–201. The Sixth Amendment provides the defendant with a right to a public trial. Courts have extended this right to "hearings whose subject matter involves the values that the right to a public trial serves," including sentencing. *United States v. Rivera*, 682 F.3d 1223, 1228–32 (9th Cir. 2012) (cleaned up). This right, however, "is not a limitless imperative." *Lacaze v. United States*, 391 F.2d 516, 521 (5th Cir. 1968). Instead, closure may be justified by "an overriding interest . . . [that it] is essential to preserve higher values and is narrowly tailored to serve that interest." *Waller v. Georgia*, 104 S.Ct. 2210, 2215 (1984) (citing *Press-Enterprise Co. v. Sup. Ct. of Calif., Riverside Cnty.*, 104 S.Ct. 819, 824 (1984)). One well-recognized exception to the right is the interest in inhibiting disclosure of sensitive information. *Id.* at 2214–15. Here the victim impact statements involved potential disclosure of the identities of minor victims of sexual abuse, through the testimony and identification of their parents. The trial court responded by closing the courtroom for the evidentiary portion of sentencing and then reopening it before it reviewed factors relevant to sentencing under Louisiana law and then imposed sentence. Doc. 20, att. 2, pp. 229–37. The petitioner fails to show that this accommodation was unreasonable, and so cannot demonstrate that appellate counsel was ineffective for failing to raise this claim on appeal.

Finally, the record does not show that the Louisiana Supreme Court denied the petitioner's application as untimely. Accordingly, any failure by appellate counsel to timely forward the Third Circuit's judgment did not prejudice the petitioner in his ability to exhaust those claims on direct appeal. The petitioner cannot satisfy *Strickland* as to any of the above allegations. He thus shows no error to the state court's ruling and is not entitled to habeas relief.

## III.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth

arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 7th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE